IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES A. KEARNEY and § | | |
| GERMAINE S. KEARNEY § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:07CV121 LG-JMR |
| § | | |
| FIRST HORIZON HOME LOAN CORP. § | | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [10] filed by Defendant First Horizon Home Loan Corporation. The Plaintiffs have filed their response, and First Horizon has replied. After due consideration of the matter, it is the Court's opinion that the Plaintiffs have failed to show that there is a question of material fact for the jury. Accordingly, the Motion for Summary Judgment will be granted.

DISCUSSION

This case was filed in Hancock County Circuit Court and removed to this Court on the basis of federal question and diversity jurisdiction, 28 U.S.C. § 1331 & 1332. Plaintiffs' claims center around allegations that First Horizon negligently performed certain duties required of it under the National Flood Insurance Act of 1968.[1] The Plaintiffs allege that when the mortgage

---

[1] As explained in this Court's opinion in *Lusins v. First Amer. R. E. Solutions of Tex., L.P.*, 2007 WL 1745625 (S.D.Miss. 2007), the National Flood Insurance Act of 1968 ("NFIA") authorized the federal government to establish the National Flood Insurance Program ("NFIP"). Under this program property owners could voluntarily purchase flood insurance from the federal government because private insurers were unable to offer reasonably-priced flood insurance. In 1973, Congress amended the NFIA and enacted the Flood Disaster Protection Act (the "Act"). 42 U.S.C. § 4012a(b)(1). The Act requires flood insurance for loans secured by improved real estate within a federally-created Special Flood Hazard Area ("SFHA"). The Act further mandates banks and similar lending institutions ("Regulated Lenders") to determine whether property is located in a SFHA and, if so, to ensure that flood insurance is obtained. 42 U.S.C. § § 4104a and 4012a(b)(1).

on their Hancock County property was sold by Hancock Bank to First Horizon, First Horizon notified them by a letter dated September 29, 2004 that the property was not in a Special Flood Hazard Area ("SFHA").  The Plaintiffs allege that they relied on this representation, and consequently had no insurance coverage for flood damage when Hurricane Katrina struck the Gulf Coast on August 29, 2005 and destroyed the property.  After the Hurricane, Plaintiffs discovered that the property was, in fact, within a SFHA.  They bring claims against First Horizon for making a negligent SFHA determination, for negligently advising them that the property was not in a SFHA, and for negligently failing to keep flood insurance on the property, "which was required under the National Flood Insurance Act of 1968." Compl. ¶ 14.  The Plaintiffs contend that had they been correctly advised by First Horizon, they would have purchased flood insurance to insure the property for its full value.  Compl. ¶ 16.

First Horizon points out that this Court recently adjudicated the *Lusins* case noted above, which is almost indistinguishable from this case.  In *Lusins*, the Plaintiffs sought to use the requirements imposed upon mortgage lenders by the National Flood Insurance Program to establish a duty of care for their negligence claims. *Lusins*, 2007 WL 1745625, *2.  The Court noted that the defendant's "alleged negligence is directly related to actions undertaken pursuant to [the Flood Disaster Protection Act, 42 U.S.C.] § 4012a." *Id.*  In the absence of Mississippi law on the issue, the Court was forced to make an *Erie*[2] guess and held that the Mississippi Supreme Court would most likely determine that mortgagors are not the class protected by the Flood Disaster Protection Act, 42 U.S.C. § 4012a. *Id.*  Therefore, § 4012a could not be the basis for a state law claim of negligence per se. *Id.* at *3.

---

[2] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Just as in *Lusins*, the Plaintiffs in this case allege negligent actions that are directly related to the Defendant's duties under the Flood Disaster Protection Act. Plaintiffs allege that:

> First Horizon, as mandated by the National Flood Insurance act [sic] of 1968, was statutorily required to determine whether the subject property was in a flood plain.
> . . .
> First Horizon, as Plaintiffs' lender and as required by the National Flood Insurance Act, was required to notify Plaintiffs that flood insurance was required if First Horizon determined the subject property to be in a flood zone.
> . . .
> . . . under the National Flood Insurance Act of 1968 (42 U.S.C. Section 4001, *et seq.*), First Union [sic] was required to advise the Kearneys about the necessity of flood insurance on the subject property and to put flood insurance on the subject property in the case the Kearneys failed to do so.

Compl. ¶ 5,6 & 9.

Because these allegations attempt to use the duties imposed by the Flood Disaster Protection Act to create a standard of care for their negligence claims, the Court finds that, as in *Lusins*, Plaintiffs' negligence claims must fail. Thus, the Court concludes that the Defendant has shown there is no question of material fact for the jury.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [10] filed by Defendant First Horizon Home Loan Corporation is **GRANTED**. Plaintiffs' claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 6th day of December, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE